IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SETH AMODIO,**

 **Petitioner**

**v.**          //    **CIVIL ACTION NO. 1:07CV173**
                  **(Judge Keeley)**

**WAYNE A. PHILLIPS,**

 **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On December 18, 2007, pro se petitioner, Seth Amodio ("Amodio"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation ("R&R") in accordance with Local Rule of Prisoner Litigation 83.09.

After initial review, Magistrate Judge Seibert determined that summary dismissal was inappropriate and ordered the respondent to show cause why the petition should not be granted. On January 29, 2008, the respondent filed a motion to dismiss as moot and on February 12, 2008, Amodio filed a response.

On February 20, 2008, Magistrate Judge Seibert entered an R&R recommending that this Court grant the motion to dismiss as moot and dismiss the petition with prejudice. On February 29, 2008, Amodio filed objections to the R&R.

**AMODIO V. PHILLIPS**  1:07CV173

## ORDER ADOPTING REPORT AND RECOMMENDATION

This Court reviews objections de novo but may adopt any portion of the R&R to which no party objects without substantive review.[1]

Amodio asserts two objections to the R&R. First, he objects to the Magistrate Judge's legal conclusion that Amodio's claim is moot because the Bureau of Prisons has already conducted a "five factor" review for his placement in a halfway house. The Court finds that the Magistrate Judge properly applied 28 U.S.C. § 3624(c) in determining that the statute merely requires that the Bureau of Prisons consider the five factors of 18 U.S.C. § 3621(b) when determining halfway house placement. The statute does not require the Bureau of Prisons to provide a certain length of halfway house placement to any particular inmate, nor does the statute empower this Court to make any such decisions.

Amodio's second objection focuses on his equal protection claim. Amodio objects to the Magistrate Judge's characterization of his equal protection claim as "conjectural and speculative." In his original petition, Amodio asserted that other inmates were receiving a full six months of halfway house placement. Amodio failed, however, to provide any specific facts in the petition to

---

[1] Amodio's failure to object to a particular portion of the Report and Recommendation not only waives his appellate rights on that issue, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

2

support that allegation. In his objection, Amodio asserts that a fellow inmate at FCI Morgantown, Matthew Jones, has been granted halfway house placement beginning in May 2008. He attaches a document which allegedly supports this claim.

The Court finds that the Magistrate Judge properly determined that Amodio failed to state an equal protection claim. In his original petition, Amodio did not provide any information to support his equal protection claim, except that unnamed other inmates have received longer halfway house placements. Consequently, as the Magistrate Judge properly found, Amodio failed to allege sufficient facts to allow this Court to compare his circumstances with the circumstances of some other group.

Even if this Court were to consider the additional information provided in Amodio's objections, Amodio has still failed to allege sufficient facts to show that any difference in treatment between himself and Matthew Jones was the result of some impermissible motive. The Court has no information to indicate that any alleged difference in treatment resulted from anything other than the proper exercise of discretion by the Bureau of Prisons in accordance with the five statutory factors.

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 14), **GRANTS** respondent's motion (dkt. no. 7), **DENIES** Amodio's claims **AS MOOT**, and **DISMISSES** this case **WITH**

**PREJUDICE**.  The Court orders the Clerk to **STRIKE** this case from the Court's docket.

The Clerk is directed to mail a copy of this Order to the pro se petitioner via certified mail, return receipt requested and to transmit copies of this Order to counsel of record.

Dated: March 5, 2008

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE